UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL SILVESTER, on behalf of himself
and those similarly situated,

    Plaintiff,                                               Case No.

v.

SAMSUNG ELECTRONICS AMERICA, INC.,
a New York Business Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **DANIEL SILVESTER**, by and through his undersigned counsel, brings this action against Defendant, **SAMSUNG ELECTRONICS AMERICA, INC.,** a New York Domestic Business Corporation (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee of Defendant, and was paid an annual salary.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each work week.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the Southern District of New York because Defendant conducts substantial business operations within this District.

7. Defendant is subject to the general personal jurisdiction of this Court, because Defendant was incorporated within this District.

8. Further, a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of New York.

## THE PARTIES

9. Plaintiff, Daniel Silvester ("Plaintiff" or "Silvester"), a natural person, is, and at all times relevant hereto was, a citizen of the State of North Carolina.

10. Defendant, Samsung Electronics America, Inc. ("Defendant" or "Samsung"), is a New York Business Corporation, incorporated in New York, New York.

11. Defendant's principal place of business is located in Ridgefield Park, New Jersey.

## FLSA COVERAGE

12. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

13. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of its routine utilization of supplies that originated outside the state of Florida.

15. The supplies that Defendant utilized to run its business previously traveled in interstate commerce.

16. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in commerce including, *inter alia* handheld wireless phones, wireless communications infrastructure systems and enterprise communications systems used directly in furtherance of Defendant's commercial activity of researching, developing and marketing a variety of personal and business communications products.

17. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum at all times relevant hereto.

18. At all times relevant hereto, Defendant simultaneously operated in all 50 states throughout the United States, and in countries throughout the world.

19. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

20. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his regular and recurrent handling of equipment that had previously traveled in interstate commerce.

21. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

22. At all times material hereto, Defendant was an enterprise covered by the FLSA.

## FACTUAL ALLEGATIONS

23. In approximately July 2012, Defendant hired Silvester to work as a non-exempt Field Sales manager ("FSM").

24. From at least July 2013 and continuing through September 30, 2018, Defendant failed to compensate Silvester at a rate of one and one-half times his regular rate of pay for all

hours worked in excess of forty (40) hours in a single work week.[1]

25. Silvester should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per work week, as required by the FLSA.

26. From at least July 2012, through September 2018, Defendant has violated the FLSA in that:

  a. Silvester worked in excess of forty (40) hours during most work weeks for the period of his employment with Defendant;

  b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Silvester at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit pursuant to section 216(b) of the FLSA as a collective action on behalf of himself and other Samsung FSMs, during the relevant period of time.[2]

28. Plaintiff and Class members have all been subjected to the same policies that violate the FLSA, namely they have been paid a combination of salary and quarterly bonuses each week with no premium compensation for overtime hours worked.

29. Plaintiff and the Class members are similarly situated in their claims against

---

[1] In a related case, *Handley v Samsung Electronics America, Inc.*, Case No. 3:17-cv-00097-HZ (D. Or.), the district court equitably tolled the instant claims for all Samsung FSMs from June 13, 2017 until December 14, 2018. *See* **Exhibits A and B**.

[2] This case is limited to Samsung FSMs who were paid by third-party companies who contacted with Defendant to provide the staffing for Samsung's FSM campaigns. It is not intended to include those FSMs who were treated as W-2 employees of Samsung.

4

Defendant because their claim that Defendant employed or jointly employed them rely on a common set of facts regarding Defendant's control over their employment.

30. Plaintiff and similarly situated employees worked for Defendant as non-exempt FSMs conveying Defendant's uniform canned promotional messages in markets throughout the United States.

31. Defendant jointly employs Plaintiff and the Class members to perform a service integral to Defendant's business.

32. Plaintiff and those similarly situated regularly worked in excess of forty hours in individual workweeks.

33. Plaintiff and those similarly situated were not paid the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual workweeks.

34. Defendant, through its common policies, dictated the manner and means in which Plaintiff and those similarly situated performed their jobs.

35. As their employer and/or joint employer, Samsung is liable to Plaintiff and those similarly situated for their unpaid overtime wages.

36. The specific job titles of each similarly situated employee do not prevent collective treatment.

37. All similarly situated employees are entitled to overtime compensation for hours worked in excess of forty per workweek.

38. All similarly situated employees, irrespective of the third-party field operations company through whom they were employed by Samsung, are entitled to overtime compensation for hours worked in excess of forty per workweek.

39. Although the exact amount of damages may vary across those similarly situated, the damages for the collective can be easily calculated by a formula.

40. The claims of all similarly situated employees arise from a common nucleus of facts.

41. Liability is based on a systematic course of wrongful conduct by Samsung.

42. These policies and practices were uniformly applicable to Plaintiff and those similarly situated and did not depend on any FSM's personal circumstances.

43. Rather, the same policies and practices that resulted in the non-payment of overtime to Plaintiff applied and continue to apply to all similarly situated employees, regardless of which third-party field operations company they were paid through.

44. The liability of Samsung, as an employer and/or joint employer of Plaintiff and those similarly situated relies on a common legal theory and common evidence in support of that theory.

45. Samsung has acted willfully in failing to pay Plaintiff and those similarly situated in accordance with the law.

46. Samsung has failed to maintain accurate records of Plaintiff's and those similarly situated's work hours in accordance with the law.

47. Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

    a. The time of day and day of week on which the employees' workweek begins;

    b. The regular hourly rate or pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment that, pursuant to section 7(e) of the FLSA, is excluded from the "regular

            rate";

e. The hours worked each workday and the total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

g. The total premium for overtime hours, which excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items that make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

48. Samsung has failed to comply with federal law and has failed to maintain such records with respect to Plaintiff and those similarly situated.

49. Because Samsung's records are inaccurate or inadequate, Plaintiff and those similarly situated can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

50. Plaintiff realleges and incorporates paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff worked in excess of forty (40) hours per work week in most if not all work weeks.

52. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

53. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours.

54. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

55. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

56. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

57. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

58. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

59. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Permitting notice to issue to all similarly situated employees of their right to join this case pursuant to 29 U.S.C. § 216(b).

b. Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week while employed by Defendant;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendant failed to keep accurate time records; Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendant failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED: May 22, 2020.              Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) WORKERS
Fax: (954) 327-3013
Email: afrisch@forthepeople.com

*Counsel for Plaintiff*

9