UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL SILVESTER,

                  Plaintiff,

-v-

SAMSUNG ELECTRONICS AMERICA, INC.,

                  Defendant.

20-CV-4002 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    This is an unpaid overtime case brought under the Fair Labor Standards Act ("FLSA") by Plaintiff Daniel Silvester against Defendant Samsung Electronics America, Inc. Based on an agreement that Plaintiff had with a third party, Premium Retail Services, Inc. ("PRS"), Samsung argues that Plaintiff's claim belongs in arbitration, not in federal court. Samsung moves to dismiss or, in the alternative, stay the claim accordingly. For the reasons that follow, Samsung's motion is granted.

**I.    Discussion**

Section 3 of the Federal Arbitration Act ("FAA") provides that, "[i]f any suit . . . be brought in [federal court] upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall on application of one of the parties stay the [case]." 9 U.S.C. § 3. Samsung argues that Plaintiff's unpaid overtime claim falls within the ambit of an agreement to arbitrate that Plaintiff concluded with PRS. The pertinent provision reads:

> The Parties mutually agree and consent to the resolution by arbitration of all claims . . . whether or not arising out of [Plaintiff's] employment . . . that [he] may have against any of the following: (1) [PRS]; (2) its officers, directors, employees or agents in their capacity as such or otherwise; (3) [PRS's] parent, subsidiary and affiliated entities; (4) [PRS's] benefit plans . . . ;

1

>and/or (5) all successors and assigns of any of the foregoing. The
>Parties agree that neither of them shall initiate or prosecute any
>lawsuit or court action in any way related to any claim covered by
>this Agreement.

(Dkt. No. 10-2.) The agreement then specifies that "[c]laims that must be arbitrated include . . . claims for . . . overtime pay." (*Id*.) Consistent with the agreement, Plaintiff initiated arbitration against PRS for unpaid overtime that accrued between 2012 and 2018. (Dkt. No. 10-3.)

Plaintiff's arbitration against PRS runs parallel to the claim here, which seeks unpaid overtime for the same period. An affidavit from an Executive Vice President of PRS explains that Plaintiff was directly employed by PRS but that, between 2012 and 2018, he was responsible for marketing Samsung products pursuant to a labor service agreement between PRS and Samsung. (Dkt. No. 10-1.) The Complaint contends that Samsung "jointly employ[ed]" him. (Dkt. No. 8 ¶ 28.)

Based on the supposed joint-employer relationship between itself and PRS, Samsung argues that the agreement to arbitrate covers Plaintiff's instant claim. The Court agrees. Under North Carolina law, which governs PRS and Plaintiff's agreement,[1] "a nonsignatory to a contract may . . . invoke an arbitration provision contained therein where there is a close relationship between the entities involved and where the claims . . . are intimately founded in and intertwined with the underlying contract obligations."[2] *Speedway Motorsports v. Bronwen Energy Trading*,

---

[1] The agreement at issue provides that the FAA and "law of the state in which [Plaintiff] works or last worked for [PRS] shall apply," with respect to the interpretation and enforcement of the agreement. (Dkt. No. 10-2.) Per the Complaint, Plaintiff was based in North Carolina. (Dkt. No. 8 ¶ 8.)

[2] In *JLM Indus., Inc. v. Stolt-Nielsen SA*, the Second Circuit articulated the same standard for when, "under principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute." 387 F.3d 163, 177 (2d Cir. 2004). It considered whether the parties at issue were tightly related and the issues at bar were "intertwined with the agreement that the estopped party has signed." *Id*. (internal quotation

No. 08-cvs-9450, 2009 WL 406688, at *6 (N.C. Super. Ct. Feb. 18, 2009) (internal quotation marks and citation omitted).  It follows that a joint employer may, with respect to an labor dispute against itself and a direct employer, enforce an agreement to arbitrate that was concluded by the direct employer and aggrieved employee.  *See, e.g., Bloomingdae's, Inc. v. Serv. Employees Int'l Union, Local 32E, AFL-CIO*, 1998 WL 229441, *2–3 (S.D.N.Y. May 7, 1998) (Sotomayor, J.) (holding that a joint employer may be "bound to arbitrate" despite being a non-signatory to an agreement); *Mason Tenders Dist. Council of Greater New York & Long Island v. CAC of New York, Inc.*, 46 F. Supp. 3d 432, 437 (S.D.N.Y. 2014) (same).  To hold otherwise would permit near-identical labor law claims against a joint employer and a direct employer to proceed simultaneously in separate forums, even though such claims carry joint and several liability.  *See New York v. Scalia*, _ F. Supp. 3d _, 2020 WL 5370871, at *1 (S.D.N.Y. 2020) ("Joint employers are jointly and severally liable for damages for FLSA violations.").

Still, Plaintiff resists the applicability of the agreement to arbitrate, noting that the provision at issue specifically enumerates the entities against which Plaintiff is bound to arbitrate and does not list Samsung.  But Plaintiff downplays the breadth of the provision, *see AT&T Techs., Inc. v. Cmmc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("[W]here the contract contains an arbitration clause, there is a presumption of arbitrability . . . [that] is particularly applicable where the clause is . . . broad"), which dictates that Plaintiff may not bring an action in court that is "in any way related to" a claim against an enumerated entity (Dkt. No. 10-2). Although Plaintiff omits any mention of Samsung in its arbitral submission (Dkt. No. 10-3), and omits any mention of PRS in the Complaint here (Dkt. No. 8), the arbitration and present case

---

marks and citation omitted).  Plaintiff accepts that "North Carolina law and Second Circuit authority are virtually indistinguishable regarding the application of equitable estoppel in the context of a motion to compel arbitration."  (Dkt. No. 15 at 4.)

raise the same grievance, seek the same relief, and are unquestionably duplicative and related. Plaintiff's unpaid overtime claim is referable to arbitration.

The only remaining issue is what remedy is appropriate. Samsung argues for the full dismissal of this case or, in the alternative, for a stay pending arbitration. The Second Circuit has held that outright dismissal is ordinarily not appropriate. *See Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) (holding that although "efficient docket management is often the basis for dismissing a wholly arbitrable matter," that prerogative "cannot trump a statutory mandate, like Section 3 of the FAA, that clearly removes such discretion"). Instead, where, as here, all of the claims are arbitrable and a stay has been requested, "the text, structure, and underlying policy of the FAA mandate a stay of proceedings." *Id*. at 347. As such, Samsung's request for a stay is granted.

## II.  Conclusion

For the foregoing reasons, Samsung's motion to dismiss or, in the alternative, stay the case is GRANTED, and the case is hereby stayed pending arbitration.

Counsel for the parties are directed to notify the Court within 14 days after the arbitration is completed or the claim is otherwise resolved.

The Clerk of Court is directed to close the motion at Docket Number 9 and to mark this case as stayed.

SO ORDERED.

Dated: March 18, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4